IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROXANNE HERNANDEZ, | § § § | |
| Plaintiff | § | |
| VS. | § § | CIVIL ACTION NO. 5:21-cv-377 |
| BEST BUY CO., INC.; AND<br>BEST BUY STORES, L.P., | § § § § | |
| Defendants | | |

## ORIGINAL COMPLAINT AND JURY DEMAND

COMES NOW ROXANNE HERNANDEZ, Plaintiff, complaining of BEST BUY CO., INC. and BEST BUY STORES, L.P., hereinafter referred to as Defendant BEST BUY.

## JURISDICTION

1. The Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1532(a) as the amont of controversy exceeds $75,000 and the parties are citizens of different states.

## PARTIES

2. Plaintiff, ROXANNE HERNANDEZ is a citizen of the United States and a resident of the state of Texas and brings suit herein in her individual capacity.

3. Defendant BEST BUY CO., INC. (hereinafter "BEST BUY") is a foreign corporation, authorized to do business in the State of Texas. Service of process of this defendant can be made by and through its registered agent for service, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

4. Defendant BEST BUY STORES, L.P. (hereinafter "BEST BUY") is a foreign corporation, authorized to do business in the State of Texas. Service of process of this defendant can be made

by and through its registered agent for service, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## MATERIAL FACTS

5. This suit arises out of an automobile accident that occurred on September 18, 2019. On the date of the subject incident, Plaintiff was operating a 2019 Subaru vehicle in a safe and prudent manner on the 12242 Block of SH 46 in San Antonio, Bexar County, Texas.

6. Plaintiff was travelling west on SH 46 and had stopped at a stop sign, signaling to turn left onto Stoney Creek Drive. The adverse vehicle being operated by Gilbert Beltran Garcia, was an Enterprise box truck owed by Graceland Logistics, LLC. As Plaintiff approached the stop sign the driver of the Enterprise box truck failed to keep a proper lookout; failed control his speed and struck the rear of the Plaintiff's vehicle. As a result of the subject incident, Plaintiff has suffered serious injuries, which have caused her to seek medical attention.

7. At all times material hereto, BEST BUY owns and operates retail stores across the country and is responsible for supervising and overseeing the individuals contracted to deliver its' merchandise. BEST BUY delegates its delivery services to third-party agents such as Graceland Logstics LLC to deliver the merchandise contained in the Enterprise box truck such as the truck being operated by the adverse driver on the date of the incident.

**CAUSES OF ACTION AGAINST DEFENDANTS BEST BUY CO., INC. AND BEST BUY STORES, L.P. (hereinafter "BEST BUY")**

**A. STRICT LIABILITY**

8   At the time of the accident, BEST BUY contracted the services of Graceland Logistics to deliver merchandise contained in the Enterprise box truck on the date of the subject incident.

9. Plaintiff further asserts and alleges that at the time of the collision made the basis of this suit that Defendant BEST BUY was guilty of various acts and/or omissions which constituted

negligence, including, but in no way limited to, the following, each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

(a.) Failing to ensure that Graceland Logistics and it employees had properly licensed and competent driver(s) to perform the contracted services on the date of the incident in question;

(b.) Delegating the delivery of the Best Buy merchandise to a third-party company with appropriate personnel licensed to operate a delivery vehicle;

(c.) Failing to provide basic obligations of standard performance; overseeing the personnel hired to perform deliveries for their products; including, investigating, supervising or overseeing the third-party contractor(s) hired to deliver the merchandise;

(c.) Failing to ensure a level of safey and protection for other motorist on the roadway by contracting the services of unlicensed personnel to provide delivery services;

(d.) Allowing risk-associated behavior by permitting unlicensed individuals to operate a motor vehicle it knew would have a GVWR capacity;

(e.) Failing to consider the safety of the motoring public by contracting the services of unqualified companies and individuals and putting the public at risk;

(f.) Failing to adhere to state licensing requirements in contracting the services of unlicensed individuals to operate a vehicle on public roadways.

10. Each and all of the above mentioned acts of omission and/or commission constituted negligence and were a proximate cause of damages to Petitoner and for which Plaintiff hereby seeks recovery.

**B.     NEGLIGENCE**

11. Plaintiff refer to and incorporate by reference the allegations contained in paragraphs 1 through 10, inclusive, as though fully set forth at length.

12. Defendant BEST BUY committed acts of omission and commission, which collectively and severally, constituted negligence, which negligence was a proximate cause of the injuries to

Plaintiff, the physical pain and mental anguish she suffered and the damages suffered by Plaintiff.

13. Defendant BEST BUY was negligent in which negligence was a proximate cause of the injuries and damages suffered by Plaintiff. All of the acts of negligence were a producing cause to Plaintiff's injuries and damages.

**E.     MALICE AND GROSS NEGLECT**

14. Plaintiff refers to and incorporate by reference the allegations contained in paragraphs 1 through 13, inclusive, as though fully set forth at length.

15. Defendant BEST BUY committed acts of omission and commission, which collectively and severally, constituted malice and gross neglect, which malice and gross neglect was a proximate cause of the injuries to Plaintiff, the physical pain, mental anguish she suffered and and of the damages suffered by Plaintiff.

16. Plaintiff further asserts and alleges that the acts of omission and/or commission of Defendant BEST BUY collectively and/or severely constituted gross negligence in that this Defendant acted with conscience indifference to the rights, safety, or welfare of the Plaintiff in instructing and permitting a third-party contractor to operate said vehicle without a licensed driver and ensuring compliance of proper driver licensure and proper training to ensure the safety of motorists on the roadway.

17. Such conduct by Defendant BEST BUY created an extreme degree of risk to all persons traveling on Texas highways, which such degree of risk manifested itself on the Petitioner. This wanton and conscious indifference constituted malice and was a proximate cause of the collision made the basis of this suit and of the resulting injuries and the physical pain, past injuries, future injuries and mental anguish she suffered, and of the damages suffered by Plaintiff.

## **DAMAGES**

18.   Nearly all of the elements of damages for personal are unliquidated and, therefore, not subject to precise computation.  Plaintiff seeks to recover damages in amounts that the jury finds the evidence supports and that the jury finds to be appropriate under all of the circumstances.

19.   As a direct and proximate result of the occurrence made the basis of this lawsuit, Petitoiner was caused to suffer and to incur the following damages:

- (a).   Reasonable medical care and expenses in the past. These expenses were incurred by Petitioner, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Bexar County, Texas;
- (b).   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
- (c).   Physical pain and suffering in the past;
- (d).   Physical pain and suffering in the future;
- (e).   Physical impairment in the past;
- (f).   Physical impairment which, in all reasonable probability, will be suffered in the future;
- (g).   Loss of earnings in the past;
- (h).   Loss of earning capacity which will, in all probability, be incurred in the future;
- (i).   Mental anguish in the past; and,
- (j).   Mental anguish in the future.

20.   All of Plaintiff's damages are in an amount within the minimum jurisdictional limits of this Court.  Petitioner affirmatively pleads that she seeks only monetary relief aggregating over $1,000,000.00, excluding costs, pre-judgment interest, and attorney's fees.

## **JURY DEMAND**

21.   Plaintiff hereby respectfully requests a trial by jury.

## **PRAYER**

22. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants BEST BUY CO, INC. and BEST BUY STORES, L.P be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Petitioner recover judgment of and from the Defendants for her actual and exemplary damages in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest, post-judgment interest, costs of suit, and such other and further relief to which she may show herself to be justly entitled.

Respectfully submitted,

**ELLIOTT & RITCH, L.L.P.**

Joseph E. Ritch (SBN 24037364)
321 Artesian St.
Corpus Christi, TX  78401
Telephone:  (361) 883-3000
Facsimile:     (361) 883-3003
Email: jritch@elliottritch.com

  */s/ Joseph E. Ritch*

By: _____
Joseph E. Ritch

**ATTORNEYS FOR PLAINTIFF
ROXANNE HERNANDEZ**